# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| DON KARL JURAVIN, | Case No. 6:18-bk-06821-LVV |
| Debtor. | Case No. 6:20-bk-01801-LVV |
| _____ / | *Jointly Administered with* Case No. 6:18-bk-06821-LVV |
| DON KARL JURAVIN, Case No. 6:18-bk-06821-KSJ | |
| Applicable Debtor. | |
| _____ / | |
| DENNIS D. KENNEDY, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF DON KARL JURAVIN, | |
| Plaintiff, | Adv. Pro. No. 6:21-ap-00139-LVV |
| v. | |
| AMERICAN EXPRESS COMPANY, | |
| Defendants. | |
| _____ / | |

## DEFENDANT AMERICAN EXPRESS COMPANY'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant American Express Company ("AEC" or "Defendant") submits this Answer and Affirmative Defenses in response to Plaintiff's *Complaint* [Doc. 1] (the "Complaint") filed in the above-captioned adversary proceeding.

## ANSWER

AEC answers the individually numbered paragraphs of the Complaint as follows:

1

## NATURE OF ACTION

1. Paragraph 1 of the Complaint appears to contain no allegation of fact to which a response by AEC is required. To the extent a response is required, AEC denies that the Trustee is entitled to any relief sought from AEC in the Complaint.

## JURISDICTION AND VENUE

2. AEC admits the allegations set forth in paragraph 2 of the Complaint.

3. AEC admits the allegations set forth in paragraph 3 of the Complaint.

4. In response to paragraph 4 of the Complaint, AEC admits that this adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (F), and denies the remaining allegations set forth therein. To the extent any claim asserted in the Complaint is not a core proceeding under 28 U.S.C. § 157(b)(2), AEC consents to the entry of final judgment and order by the Bankruptcy Court.

## PARTIES

5. In response to paragraph 5 of the Complaint, AEC states that the record of the Court speaks for itself, and AEC denies any allegation set forth in paragraph 5 that is inconsistent therewith.

6. In response to paragraph 6 of the Complaint, AEC states that the record of the Court speaks for itself, and AEC denies any allegation set forth in paragraph 6 that is inconsistent therewith.

7. In response to paragraph 7 of the Complaint, AEC denies that AEC provides individuals and entities with charge and credit cards or other services, admits that it is in the financial services industry, and further states that it is a holding company only.

## BACKGROUND

*The Debtor's Business Affairs.*

    8.    AEC lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

    9.    AEC lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

    10.    AEC lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

    11.    AEC lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

    12.    AEC lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

    13.    AEC lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

    14.    AEC lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

    15.    AEC lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

    16.    AEC lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

    17.    AEC lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

    18.    AEC lacks knowledge or information at this time sufficient to form a belief as to

the truth of the allegations set forth in paragraph 18 of the Complaint.

19. AEC lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. AEC lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. AEC lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22. AEC lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23. AEC lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

## PROCEDURAL HISTORY

### *The FTC Case.*

24. In response to paragraph 24 of the Complaint, AEC states that the record of the Court in the "FTC Case", as defined in paragraph 24, speaks for itself, and AEC denies any allegation set forth in paragraph 24 that is inconsistent therewith.

25. In response to paragraph 25 of the Complaint, AEC states that the record of the Court in the FTC Case speaks for itself, and AEC denies any allegation set forth in paragraph 25 that is inconsistent therewith.

26. In response to paragraph 26 of the Complaint, AEC states that the record of the Court in the FTC Case speaks for itself, and AEC denies any allegation set forth in paragraph 26 that is inconsistent therewith.

27. In response to paragraph 27 of the Complaint, AEC states that the record of the

Court in the FTC Case speaks for itself, and AEC denies any allegation set forth in paragraph 27 that is inconsistent therewith.

28. In response to paragraph 28 of the Complaint, AEC states that the record of the Court in the FTC Case speaks for itself, and AEC denies any allegation set forth in paragraph 28 that is inconsistent therewith.

29. In response to paragraph 29 of the Complaint, AEC states that the record of the Court in the FTC Case speaks for itself, and AEC denies any allegation set forth in paragraph 29 that is inconsistent therewith.

30. In response to paragraph 30 of the Complaint, AEC states that the record of the Court in the FTC Case speaks for itself, and AEC denies any allegation set forth in paragraph 30 that is inconsistent therewith.

31. In response to paragraph 31 of the Complaint, AEC states that the record of the Court in the FTC Case speaks for itself, and AEC denies any allegation set forth in paragraph 31 that is inconsistent therewith.

32. In response to paragraph 32 of the Complaint, AEC states that the record of the Court in the FTC Case speaks for itself, and AEC denies any allegation set forth in paragraph 32 that is inconsistent therewith.

33. In response to paragraph 33 of the Complaint, AEC states that the record of the Court in the FTC Case speaks for itself, and AEC denies any allegation set forth in paragraph 33 that is inconsistent therewith.

34. In response to paragraph 34 of the Complaint, AEC states that the record of the Court in the FTC Case speaks for itself, and AEC denies any allegation set forth in paragraph 34 that is inconsistent therewith.

35. In response to paragraph 35 of the Complaint, AEC states that the record of the Court in the FTC Case speaks for itself, and AEC denies any allegation set forth in paragraph 35 that is inconsistent therewith.

36. In response to paragraph 36 of the Complaint, AEC states that the record of the Court in the FTC Case speaks for itself, and AEC denies any allegation set forth in paragraph 36 that is inconsistent therewith.

### *The Juravin Bankruptcy Case.*

37. In response to paragraph 37 of the Complaint, AEC states that the record of the Court speaks for itself, and AEC denies any allegation set forth in paragraph 37 that is inconsistent therewith.

38. In response to paragraph 38 of the Complaint, AEC states that the record of the Court speaks for itself, and AEC denies any allegation set forth in paragraph 38 that is inconsistent therewith.

39. In response to paragraph 39 of the Complaint, AEC states that the record of the Court speaks for itself, and AEC denies any allegation set forth in paragraph 39 that is inconsistent therewith.

40. In response to paragraph 40 of the Complaint, AEC states that the record of the Court speaks for itself, and AEC denies any allegation set forth in paragraph 40 that is inconsistent therewith.

41. In response to paragraph 41 of the Complaint, AEC states that the record of the Court speaks for itself, and AEC denies any allegation set forth in paragraph 41 that is inconsistent therewith.

42. In response to paragraph 42 of the Complaint, AEC states that the record of the

Court speaks for itself, and AEC denies any allegation set forth in paragraph 42 that is inconsistent therewith.

### *The MCO Bankruptcy Case.*

43. In response to paragraph 43 of the Complaint, AEC states that the record of the Court speaks for itself, and AEC denies any allegation set forth in paragraph 43 that is inconsistent therewith.

44. In response to paragraph 44 of the Complaint, AEC states that the record of the Court speaks for itself, and AEC denies any allegation set forth in paragraph 44 that is inconsistent therewith.

45. In response to paragraph 45 of the Complaint, AEC states that the record of the Court speaks for itself, and AEC denies any allegation set forth in paragraph 45 that is inconsistent therewith.

46. In response to paragraph 46 of the Complaint, AEC states that the record of the Court speaks for itself, and AEC denies any allegation set forth in paragraph 46 that is inconsistent therewith.

### **FACTUAL ALLEGATIONS**

47. In response to paragraph 47 of the Complaint, AEC states that the record of the Court speaks for itself, and AEC denies any allegation set forth in paragraph 47 that is inconsistent therewith.

48. In response to paragraph 48 of the Complaint, AEC denies that AEC received any payments from the Debtor. AEC lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 48.

49. In response to paragraph 49 of the Complaint, AEC denies that AEC received any

payments from the Debtor. AEC lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 49.

50. In response to paragraph 50 of the Complaint, AEC denies that AEC received any payments from the Debtor, but by way of further response, states that its affiliate, American Express National Bank, received certain of the transfers shown on Exhibit A to the Complaint. AEC lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 50.

## COUNT I
## AVOIDANCE OF PREFERENTIAL TRANSFER
## PURSUANT TO 11 U.S.C. §§ 547 and 548

51. AEC incorporates and repeats its above responses to paragraphs 1 through 50 of the Complaint as though set forth fully herein.

52. In response to paragraph 52 of the Complaint, AEC denies that the Debtor owed a debt to AEC. AEC lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 52.

53. AEC lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint.

54. AEC lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint.

55. AEC lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint.

56. AEC lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint.

57. AEC denies the allegations set forth in paragraph 57 of the Complaint.

58. AEC denies the allegations set forth in paragraph 58 of the Complaint.

59. AEC denies the allegations set forth in paragraph 59 of the Complaint.

## AFFIRMATIVE DEFENSES

AEC asserts its Affirmative Defenses to the Complaint as follows:

### First Affirmative Defense

Plaintiff has failed to allege facts with sufficient specificity that, if proven, establish a *prima facie* case for recovery under 11 U.S.C. §§ 547 and 550, and by this failure has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff has failed to sue or serve process upon a correct legal entity or entities that did business with, or that received or benefited from the alleged transfers by, the Debtor in the related Chapter 7 case.

### Third Affirmative Defense

To the extent the Debtor transferred any interest in property to or for the benefit of an alleged transferee during the Preference Period, such transfers were intended by the Debtor and such transferee to be contemporaneous exchanges for new value given to the Debtor, and the transfers were, in fact, substantially contemporaneous exchanges.  11 U.S.C. § 547(c)(1).

### Fourth Affirmative Defense

To the extent the Debtor transferred any interest in property to or for the benefit of an alleged transferee during the Preference Period, such transfers were in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and such transferee and either (i) made in the ordinary course of business or financial affairs of the Debtor and such transferee or (ii) made according to ordinary business terms.  11 U.S.C. § 547(c)(2).

**Fifth Affirmative Defense**

To the extent the Debtor transferred any interest in property to or for the benefit of an alleged transferee during the Preference Period, such transfers were made for new value given to or for the benefit of the Debtor, not secured by an otherwise unavoidable security interest and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of such transferee.  11 U.S.C. § 547(c)(4).

**Sixth Affirmative Defense**

To the extent an alleged transferee received any of the alleged transfers and was not the initial transferee, and in the event any such transfers are avoidable, pursuant to 11 U.S.C. § 550(b), Plaintiff cannot recover from such transferee because the transferee took the transfers for value, in good faith, without knowledge of the voidability of the transfers.

**Seventh Affirmative Defense**

An alleged transferee is entitled to setoff or recoupment against any claim for any amounts owed to such transferee by the Debtor for unpaid post-petition charges which are entitled to an administrative expense priority under 11 U.S.C. § 503.

**Eighth Affirmative Defense**

AEC denies each and every allegation of the Complaint not admitted or otherwise controverted or qualified and further denies that Plaintiff is entitled to any relief whatsoever from AEC.

**Ninth Affirmative Defense**

AEC reserves the right to assert any affirmative defense available under the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, or other applicable law, as may be discovered during the course of additional discovery and investigation.

WHEREFORE, AEC respectfully requests that the Court enter an Order dismissing the Complaint, including each and every claim set forth therein, with prejudice, and denying any of the relief sought in the Complaint, or that judgment be rendered in favor of AEC and against the Plaintiff with respect to all matters before this Court, and that AEC be granted such other and further relief as the Court deems just, equitable, and proper.

Respectfully submitted this 20th day of December, 2021.

*/s/ Jason Z. Jones*
**Jason Z. Jones**
Florida Bar No. 186554
Email: jjones@joneslawpa.com
**JONES LAW OFFICE, P.A.**
9130 S. Dadeland Boulevard, Suite 1209
Miami, Florida 33156
Tel: (305) 918-2299
Fax: (305) 938-5040

*Counsel for American Express Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served on December 20, 2021 via transmission of Notices of Electronic Filing generated by CM/ECF to all parties registered to receive notice in the adversary proceeding as noted below.

*/s/ Jason Z. Jones*
Jason Z. Jones

**ECF SERVICE LIST**
**Lauren M Reynolds, Esq. (**lreynolds@whww.com, thiggens@whww.com; thiggens@ecf.courtdrive.com; LReynolds@ecf.courtdrive.com; sjones@whww.com; scolgan@whww.com)
**Bradley M Saxton, Esq. (**bsaxton@whww.com, scolgan@whww.com; scolgan@ecf.courtdrive.com; csmith@whww.com; csmith@ecf.courtdrive.com)
Winderweedle, Haines, Ward & Woodman, P.A.
Post Office Box 880
Winter Park, FL 32790-0880
*Counsel to Plaintiff, Dennis D. Kennedy, Trustee*

**James D Ryan, Esq.** (jdr@ryanlawgroup.net, lauren@ryanlawgroup.net)
Ryan Law Group, PLLC
636 US Highway 1, Suite 110
North Palm Beach, FL 33408
*Counsel to Plaintiff Dennis D. Kennedy, Trustee*